Alan J. Leiman (OSB No. 980746)
LEIMAN LAW, P.C.
PO BOX 5383
Eugene, OR  97405
alan@leimanlaw.com


IN THE UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
EUGENE DIVISION

| | |
|---|---|
| **BERNICE SHANDY,** | **CASE NO**.:  6:21-cv-00515 |
| Plaintiff, | |
| v. | **FLSA MINIMUM WAGE AND OVERTIME COMPLAINT; FLSA RETALIATION** |
| **MAHADEV LLC**, an Oregon domestic limited liability company and **BHARAT PATEL**, an individual. | Fair Labor Standards Act 29 U.S.C. § 201 *et. seq.*; Oregon Wage and Hour Laws (ORS Chapter 652). |
| Defendant. | |
| | **DEMAND FOR JURY TRIAL** |

Plaintiff, BERNICE SHANDY ("Shandy"), brings this Fair Labor Standards Act ("FLSA") action for violations of the FLSA against Defendants, MAHADEV LLC ("Mahadev") and BHARAT PATEL ("Patel"). Plaintiff makes her allegations based upon personal knowledge, information, and belief.

**INTRODUCTION**

1.      Between April 10, 2020 to on or around October 13, 2020, Plaintiff was employed as a front desk clerk at the Value Inn Motel, a transient lodging motel with approximately 30 guest rooms located in Eugene, Lane County, Oregon.  At all times material to this Complaint, the motel was owned by Defendant Mahadev LLC.

2.     At all times material to this Compliant, Defendant Patel was an owner and member of Mahadev LLC, and served as the General Manager of the Value Inn Motel.  Patel exercised supervisory control over Plaintiff, and the day-to-day operations of the Value Inn Motel.

3.     During the term of her employment, Defendants charged Plaintiff $150 per week for on-site lodging.  The cost of lodging was deducted from Plaintiff's pay.   Defendants provided Plaintiff a room for the primary benefit of Defendants, so that Plaintiff would be on-premises during the overnight hours and available to serve the needs of Defendants' guests and the traveling public.

4.     Defendants did not pay Plaintiff for all hours worked and owe Plaintiff FLSA minimum wages and overtime wages.

5.     Defendants retaliated against Plaintiff by terminating her employment when she complained about not being paid for all hours worked.

6.     Defendants were joint employers of Plaintiff and are jointly and severally liable for unpaid minimum wages and overtime wages owed to Plaintiff.

7.     Plaintiff brings this action to recover unpaid minimum wages and overtime under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*.

8.     Plaintiff also brings this action to recover penalties for violation of Oregon Wage and Hour Laws (ORS Chapter 652).

9.     This action seeks compensatory and liquidated damages, attorney's fees, taxable costs of court, pre - and post-judgment interest and penalty wages for Defendants' willful failure to pay wages, including minimum wages and overtime wages, and other relief, pursuant to 29 U.S.C. § 216(b) and Oregon Wage and Hour Laws Chapter 652.

10.     Plaintiff demands a jury trial on all issues that may be tried to a jury.

11.     This action is authorized and instituted pursuant to the FLSA, 29 U.S.C. § 201 *et seq*.

## JURISDICTION AND VENUE

12.     Jurisdiction is conferred on this Court by 29 U.S.C. § 216(b), as this action arises under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*.; 28 U.S.C. § 1331; and 28 U.S.C. §1337, as it arises under acts of Congress regulating commerce.   Jurisdiction of the state law claims is conferred on this Court by 28 U.S.C. § 1367 because the state law claims form a part of the same case or controversy as the federal claims under Article III of the United States Constitution.

13.     Venue is proper in this District Court pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to this complaint occurred in the District of Oregon.

## PARTIES

14.     Defendant Mahadev LLC is an Oregon domestic limited liability corporation headquartered in Eugene, Oregon that owns the Value Inn Motel in Eugene, Oregon that employed Plaintiff.

15.     Defendant Patel is an individual who is a member and owner of Defendant Mahadev LLC, and who at all times material to this Complaint was the General Manager of the Value Inn Motel that employed Plaintiff.  Defendant Patel supervised Plaintiff in all aspects of her work and was personally responsible for setting the terms and conditions of Plaintiff's work.

16.     Defendants are joint employers subject to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*.

17.     Defendants are subject to the provisions of Oregon Wage and Hour Laws, ORS Chapters 652 concerning the timing of pay and wage penalties.

18.     Defendant Mahadev LLC is an enterprise in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1) because Mahadev LLC has employees

engaged in commerce. Based upon information and belief, the annual gross rental receipts from Defendant Mahadev LLC's rental of motel rooms was in excess of $500,000.00 per annum at all times material hereto.

19.     At all material times, Defendants were joint employers within the meaning of 3(d) of the FLSA, 29 U.S.C. § 203(d). Defendants jointly directly or indirectly acted in the interest of an employer toward the Plaintiff at all material times, including, without limitation, directly or indirectly controlling all employment terms and conditions of Plaintiff.

20.     Plaintiff Bernice Shandy is a resident of Lane County, Oregon who worked for Defendants from approximately April 10, 2020 until she was terminated by Defendants on or around October 13, 2020.

21.     At all material times, Plaintiff worked in interstate commerce renting motel rooms to interstate travelers and is therefore covered by the FSLA as an individual employee.

**FACTS**

22.     At all times material to this Complaint, Defendants' Value Inn Motel was open for business, and the front desk clerk/motel operator was available, 24-hours a day seven-days a week.

23.     At all times material to this Complaint, Plaintiff's job as a front desk clerk at Defendant's Value Inn Motel consisted of interacting with all invitees and visitors to the motel property, and transacting business with the public and with motel guests, including but not limited to the following:

> i.   Rent motel rooms upon request to travelers, including, check-in, check-out and posting and collection of lodging charges;

    ii.  Handle all telephone calls, including reservation and room availability inquiry calls, and all motel guests' calls to the hotel operator or the front desk.

    iii.  Handle all requests for guest services and monitor premises for unsafe conditions and breaches of the peace, and to respond to any issues as the only overnight on site representative of Defendant.

    iv.  Complete daily overnight audit report for Defendants and room status report for housekeeping;

    v.  Complete leftover laundry and clean rooms if required.

24.    At all times material to this Complaint, Plaintiff was the only front desk employee of Defendants. Defendant Patel, who often worked along with his spouse, did not reside at the motel, and only worked during the daytime hours. Patel and/or his spouse typically worked from on or around 10:00 a.m. until around 5:00 pm daily.

25.    When she was working, the only time Plaintiff was relieved of her duties as front desk clerk and motel operator was during the daytime hours when Defendant Patel and/or his spouse were present in the office, or in the room attached to the front desk office that they maintained for themselves for use while they were on site and working at the front desk.  On several occasions when Defendant Patel and his wife left town, Plaintiff was the only front desk employee and motel operator on the premises for uninterrupted periods of time ranging from 24 to 72 consecutive hours.

26.    At all times material to this Complaint, there was a "vacancy" sign at Defendant's Value Inn Motel that was illuminated at all times during the night time hours and the motel office light

was left on all night. The motel is advertised on popular travel websites as being open 24 hours a day, seven-days a week.

27.    Plaintiff worked for approximately twenty-six pay consecutive periods between April 10, 2020 and October 13, 2020.  Plaintiff submitted a weekly time record to Defendant that was signed by both Plaintiff and Defendant.

28.    At all times material to this Complaint, Plaintiff typically worked six-days a week. Plaintiff was routinely given Monday's off.  Except for on Mondays, Plaintiff would take over front desk duties from Defendant Patel, or his spouse, in the late afternoon/early evening, typically between 5:00 and 6:00 p.m. each day.  Plaintiff would perform the duties of the front desk clerk and motel operator until relieved by Defendant Patel, or his spouse, the following morning typically at or around 10:00 am.

29.    At midnight, the motel front office door was locked, and as circumstances permitted, Plaintiff was allowed to perform her duties from her room and return to the office whenever her presence there was required.

30.    During the hours between approximately midnight and 7:00 am on days that Plaintiff was working Plaintiff's duties continued uninterrupted and she was restricted in her person and activities including, but not limited to, in the following ways:

    i.   Plaintiff could not leave the motel premises;

    ii.  Plaintiff had to respond to all requests for service either in-person, or on the telephone;

    iii.  Plaintiff could not sleep and was not provided anytime for uninterrupted sleep time during the overnight hours;

iv. Plaintiff was the only employee on premises and was responsible for maintaining a safe and secure environment for Defendant's motel guests.

31.    At or around 7:00 a.m. daily, Plaintiff would unlock the front door of the front desk office and she would work at the front desk until relieved by Defendant Patel or his spouse, usually at or around 10:00 am.

32.    Defendants paid Plaintiff the federal minimum wage for some, but not all, of the first 40 hours of work that Plaintiff worked in each of the 26 workweeks that Plaintiff worked.

33.    Defendants took a $150 per week charge for lodging from Plaintiff's minimum wage earnings in each of the 26 pay periods that Plaintiff worked for Defendants.  The lodging was provided for the benefit of Defendants and the deduction from Plaintiff's pay reduced Plaintiff's pay below the required federal minimum wage.

34.    Defendants paid Plaintiff an overtime premium for some, but not all, of the hours over 40 hours that Plaintiff worked for Defendants.  Defendants did not calculate a regular rate of pay for Plaintiff on which to base the overtime pay rate.

35.    For example, during the week of June 14 through June 20, 2020 Plaintiff's time records show that she was the on-duty front desk clerk and motel operator for Defendant's Value Inn Motel for a total of 118.25 hours.  Plaintiff should have been paid for 40 regular hours and 78.25 hours of overtime pay.  Plaintiff was only paid 81.1 hours of which 40 hours was paid as the federal minimum wage of $7.25 per hour, pre-lodging deduction, and 41.1 hours were paid as overtime pay at a rate equal to one and one-half times the federal minimum wage, not a properly computed regular rate of pay.

36.    During the following week, June 21 through June 27, 2020, Plaintiff's time records show that she was the on-duty front desk clerk and motel operator for Defendant's Value Inn Motel for

a total of 84.4 hours.  Plaintiff should have been paid Plaintiff for 40 regular hours and 44.4 hours of overtime pay.  Plaintiff was only paid for 49.4 hours of which 40 hours was paid as the federal minimum wage of $7.25 per hour, pre-lodging deduction, and 9.4 hours were paid as overtime pay at a rate equal to one and one-half times the federal minimum wage, not a properly computed regular rate of pay.

37.    At all material times alleged herein, Defendants purported to treat the hours worked by Plaintiff between midnight and 5:00 a.m. as "stand-by" or "on-call" hours and to pay Plaintiff only when completing specific tasks during those hours even though such treatment violates the FLSA.

38.    In September and October 2020, Plaintiff complained to Defendants about not being paid for all of the hours that she was working, specifically the overnight hours between midnight and 7:00 am.  Prior to terminating Plaintiff on or around October 13, 2020 because "it was not working out", Defendants added $1 an hour to Plaintiff's base pay, but continued the practice of not paying Plaintiff for all hours worked.

39.    Defendants jointly and severally owe Plaintiff unpaid minimum wages, overtime pay, liquidated damages, and penalty wages under the FLSA and Oregon Wage and Hour laws.

40.    Plaintiff has retained the law firm of Leiman Law, P.C. to represent her, and has incurred attorneys' fees and costs in bringing this action.  Pursuant to 29 U.S.C. § 216(b) and ORS 652.200, Plaintiff is entitled to recovery of reasonable attorneys' fees and costs.

**FIRST CLAIM FOR RELIEF**
**(FLSA Minimum Wage Violation - 29 U.S.C § 206)**
**Defendants Mahadev LLC and Patel**

41.    Plaintiff re-alleges and incorporates herein by reference, all allegations contained in paragraphs 1 through 40 above.

42.    At all material times alleged herein, Plaintiff performed duties for the benefit of, and on behalf of Defendants Mahadev LLC and Patel.

43.    At all material times alleged herein, Defendants were joint employers as set forth in 29 CFR 791, and were jointly and severally required to pay Plaintiff in accordance with the minimum wage provisions of the FLSA.

44.    At all material times alleged herein, and for the entire duration of Plaintiff's employment, Defendants failed to comply with Title 29 U.S.C. § 206 in that the Plaintiff performed services and labor for Defendants for which Defendants failed to failed to pay Plaintiff the FLSA required minimum wage for all of the first 40 hours worked by Plaintiff in a workweek.  Plaintiff is entitled to liquidated damages for Defendants' willful failure to pay the correct amount of minimum wages.

45.    The lodging deduction taken from Plaintiff's pay by Defendants was improper because the lodging was provided for the benefit of the employer not the employee so that the employee could be present and available for work during the overnight hours when Defendants were not present.

46.    The lodging deduction of $150 per week exceeds the $50.75 allowed under the FLSA if the deduction were proper.

47.    The lodging deduction taken by Defendants against Plaintiff's pay reduced Plaintiff's pay to below the federally required minimum wage.

48.    Plaintiff brings this claim against Defendants seeking unpaid minimum wages, liquidated damages, pre-judgment interest, costs, penalty wages, and attorneys' fees arising from the law violations set forth herein.

49.    Defendants' failure to pay the Plaintiff minimum wage resulted from the Defendants' willful act of knowingly not paying Plaintiff the federally required minimum wage for all hours worked as the result of taking an unlawful deduction from Plaintiff's pay for lodging.

50.    By reason of said intentional, willful, and unlawful acts of Defendants, Plaintiff has suffered damages and has also incurred costs and reasonable attorneys' fees.

**SECOND CLAIM FOR RELIEF**
**(FLSA Overtime Violation - 29 U.S.C § 207)**
**Defendants Mahadev LLC and Patel**

51.    Plaintiff re-alleges and incorporates herein by reference, all allegations contained in paragraphs 1 through 50 above.

52.    At all material times alleged herein, Defendants were joint employers as set forth in 29 CFR 791, and were jointly and severally required to pay Plaintiff in accordance with the overtime pay provisions of the FLSA, 29 U.S.C. §207.

53.    Defendants did not pay Plaintiff at one and one-half times her regular rate of pay for all hours that Plaintiff worked over 40 hours in a workweek. Plaintiff is entitled to liquidated damages for Defendants' willful failure to pay overtime wages.

54.    Plaintiff brings this claim against Defendants seeking unpaid overtime wages, liquidated damages, pre-judgment interest, costs, penalty wages, and attorneys' fees arising from the law violations set forth herein.

55.    Defendants' failure to pay the Plaintiff overtime wages for all hours worked over 40 in a workweek resulted from the Defendants' willful act of knowingly not paying Plaintiff overtime wages for all hours worked over 40 in each of the 26 workweeks that Plaintiff worked for Defendants because Defendants intentionally did not pay Plaintiff for the hours between midnight and 7:00 am.

56.     By reason of said intentional, willful, and unlawful acts of Defendants, Plaintiff has suffered damages and has also incurred costs and reasonable attorneys' fees.

### THIRD CLAIM FOR RELIEF
### (FLSA Retaliation - 29 U.S.C § 215(a)(3))
### Defendants Mahadev LLC and Patel

57.     Plaintiff re-alleges and incorporates herein by reference, all allegations contained in paragraphs 1 through 56 above.

58.     In September and October 2020 when Plaintiff complained to Defendants about not being paid for all hours worked she was making a "complaint" within the meaning of 29 U.S.C. § 215(a)(3).

59.     On or around October 13, 2020, Defendants retaliated against Plaintiff by terminating her employment.

60.     As a result of Defendants' actions, Plaintiff has suffered lost earnings, and has suffered emotional distress, and loss of future earning capacity.  Plaintiff is entitled to recover these damages from Defendants, jointly and severally, under 29 U.S.C. §216(b) in an amount to be determined by the jury.

61.     Plaintiff is entitled to recovery of reasonable attorneys' fees and costs incurred in the prosecution of this FLSA retaliation claim as well as pre-judgment and post-judgment interest on all awards.

### FOURTH CLAIM FOR RELIEF
### (Oregon Wage and Hour Law Violations)
### (ORS Chapter 652)
### Defendants Mahadev LLC and Patel

62.     Plaintiff re-alleges and incorporates herein by reference, all allegations contained in paragraphs 1 through 61 above.

63.     Defendants violated ORS 652.150 when they failed to pay Plaintiff all wages due on termination of employment.

64.     Defendants violated ORS Chapter 652 and are liable to Plaintiff for a separate wage penalty for failing to pay overtime wages when due.

65.     Defendants violated ORS 652.390 when they unlawfully deducted pay from Plaintiff's pay for a till shortage in the pay period that included August 29, 2020.

66.     Plaintiff has been damaged by Defendants' violation of Oregon Wage and Hour Laws and is entitled to penalty wages from Defendants for two separate ORS 652.150 penalties, and a penalty of $200 for violating ORS 652.390, plus pre-judgment interest, in amounts to be determined by the jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully asks the Court to grant the following relief:

1.  On the First Claim for Relief, award Plaintiff her actual damages for unpaid minimum wages in an amount to be determined at trial, plus an equal amount as liquidated damages for failure to pay minimum wages for all hours worked.

2.  On the Second Claim for Relief, award Plaintiff her actual damages for unpaid overtime pay in an amount to be determined at trial, plus an equal amount as liquidated damages for failure to pay overtime pay for all hours worked over 40 hours in a workweek.

3.  On the Third Claim for Relief, award Plaintiff her damages for back pay, emotional distress, and loss of future earning capacity in an amount to be determined at trial for FLSA retaliation.

4.  On the Fourth Claim for Relief, award Plaintiff two ORS 652.150 wage penalties and a penalty for violating ORS 652.390 in amounts to be determined by the jury.

5.  Award Plaintiff her reasonable attorney fees and costs;

6.  Award Plaintiff her pre-judgment and post-judgment interest; and

7.  Award Plaintiff any and all such other legal and equitable relief as this Court deems just and proper.

DATED April 6, 2021.

Respectfully submitted,

    /s Alan J. Leiman
Alan J. Leiman
E-mail: alan@leimanlaw.com
Oregon State Bar No.:  980746
PO Box 5383
Eugene, OR  97405
Telephone: (541) 345-2376
Attorney for Plaintiff