IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

BERNICE SHANDY,

          Plaintiff,

   v.

MAHADEV, LLC; BHARAT PATEL,

          Defendants.

Civ. No. 6:21-cv-00515-AA

**ORDER**

AIKEN, District Judge.

    This case comes before the Court on the parties' Joint Motion to Approve FLSA Settlement and Dismiss with Prejudice. ECF No. 17. The motion stems from the confidential settlement of Plaintiff Bernice Shandy's claims under the Fair Labor Standards Act ("FLSA") and her related state law claim. The parties have submitted the confidential settlement document to the Court for *in camera* review and ask the Court to approve the settlement. They jointly move to dismiss all claims with prejudice and without costs, disbursements, or attorney fees to any party.

    The FLSA's purpose is to protect workers from substandard wages and oppressive working hours. *Barrentine v. Arkansas-Best Freight Sys., Inc.*, 450 U.S. 728, 739 (1981). An individual may not relinquish rights under the Act, even by

private agreement, because this "would nullify the purposes of the Act." *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 707 (1945).

> There are only two ways by which FLSA back wages claims may be settled by employees. One method requires the Secretary of Labor to supervise payment to employees of unpaid wages owed to them. An employee who accepts such a supervised payment thereby waives his right to bring suit for both the unpaid wages and for liquidated damages, provided the employer pays in full the back wages. Under the other method, an employee who brings a private action for back wages under the FLSA may present to the district court a proposed settlement, and the district court may enter a stipulated judgment after scrutinizing the settlement for fairness.

*Goudie v. Cable Commc'ns, Inc.*, CV No. 08-507-AC, 2009 WL 88336, at *1 (D. Or. Jan. 12, 2009) (internal quotation marks and citations omitted, alterations normalized).

"In reviewing a private FLSA settlement, the court's obligation is not to act as caretaker but as gatekeeper; it must ensure that private FLSA settlements are appropriate given the FLSA's purposes and that such settlements do not undermine the Act's purposes." *Goudie*, 2009 WL 88336, at *1. "In reviewing the fairness of such a settlement, a court must determine whether the settlement is a fair and reasonable resolution of a *bona fide* dispute." *Yue Zhou v. Wang's Restaurant*, No. C. 05-0279 PVT, 2007 WL 2298046, at *1 (N.D. Cal. Aug. 8, 2007). "If a settlement in an employee FLSA suit reflects a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute, the district court is permitted to approve the settlement in order to promote the policy of encouraging settlement of litigation." *Goudie*, 2009 WL 88336, at *1 (internal quotation marks and citation omitted, alterations normalized).

Upon review of the record and the confidential settlement documents, the Court concludes that the terms of the proposed settlement are fair and reflect a reasonable compromise in resolving Plaintiff's FLSA claims. The parties' joint Motion is GRANTED. The parties' settlement agreement, including the amount to paid for attorneys' fees and costs, is approved as fair, adequate, and reasonable, and the parties shall perform the settlement in accordance with its terms. This action is DISMISSED with prejudice and without costs, disbursement, or attorney fees to either party. Final judgment shall be entered accordingly.

It is so ORDERED and DATED this ____4th____ day of October 2021.

    /s/Ann Aiken
ANN AIKEN
United States District Judge